UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRYSLER LLC, a Delaware limited
liability company,

    Plaintiff/Counter-Defendant,          Case No. 08-14592
                                                    HONORABLE SEAN F. COX
v.                                                   United States District Court

GETRAG TRANSMISSION
MANUFACTURING, LLC, a Delaware
limited liability company, et al.,

    Defendants/Counter-Plaintiffs.
_____/

ORDER REFERRING PROCEEDINGS TO BANKRUPTCY COURT

On November 19, 2008, Defendants/Counter-Plaintiffs Getrag Transmission Manufacturing LLC ("Getrag LLC") filed a "Notice of Bankruptcy and Request for Referral to Bankruptcy Court" [Doc. No. 10]("the Notice"), wherein they state that Getrag LLC has filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Michigan.

The Notice indicates that the Chapter 11 case is being administered under Case No. 08-68112 and is currently pending before the Honorable Marci B. McIvor in the United States Bankruptcy Court for the Eastern District of Michigan. The Notice further indicates that this proceeding "is core to the Bankruptcy Case, and is subject to mandatory referral to the United States Bankruptcy Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 157(a) and L.R. 83.50(a)(1)" and requests that this Court refer this proceeding to the Bankruptcy Court.

1

On November 25, 2008, this Court issued an "Order to Show Cause" [Doc. No. 13], requiring Plaintiff/Counter-Defendant Chrysler LLC ("Chrysler") to show cause, in writing, why this proceeding should not be referred to the Bankruptcy Court.

Chrysler responded to the Court's Show Cause Order on December 12, 2008, by filing its "Response to Order to Show Cause and Brief in Support of Motion to Abstain and Remand" ("the Motion") [Doc. No. 12]. In their Motion, Chrysler argues these proceedings should be remanded to the Oakland County, Michigan, Circuit Court, and raises four primary arguments why this Court should not refer proceedings to the Bankruptcy Court: 1) lack of subject matter jurisdiction; 2) mandatory abstention under 28 U.S.C. § 1334(c)(2); 3) discretionary abstention under 28 U.S.C. § 1334(c)(1); and 4) equitable remand under 28 U.S.C. § 1452(b). Also currently pending before the Court is Chrysler's "Motion for Leave to File Amended Complaint" [Doc. No. 11]. Pursuant to Local Rule 7.1(e)(2), this Court declines to hold oral argument on these motions.

Local Rule 83.50(a) of the Eastern District of Michigan, regarding matters referred to the Bankruptcy Court for the Eastern District of Michigan, states as follows:

> (1) Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges. *The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings* properly within their jurisdiction.
>
> (2) Under 28 U.S.C. § 157(b)(1), bankruptcy judges will hear and determine all cases under Title 11 and all core proceedings (including those listed in 28 U.S.C. § 157(b)(2)) arising under Title 11, or arising in or related to a case under Title 11, and will enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.
>
> (3) *Bankruptcy judges will hear all the non core proceedings related to a case*

*under Title 11*.

> (A) By Consent.  With the parties' express consent, bankruptcy judges may conduct hearings and enter appropriate orders or judgments in the proceeding, subject only to review under 28 U.S.C. § 158.
>
> (B) Absent Consent.  Absent consent of the parties, bankruptcy judges will conduct hearings and file proposed findings of fact and conclusions of law and a proposed order or judgment with the bankruptcy clerk. Bankruptcy judges may also file recommendations for expedited review. The bankruptcy clerk will immediate serve copies on all parties by mail and enter the date of mailing on the docket.  Objections to a bankruptcy judge's proposed findings of fact and conclusions of law must be filed as required by Fed.R.Bankr.P. 9033(b) and (c).

E.D.Mich. L.R. 83.50(a) (emphasis added).

The Court has considered Chrysler's argument that this Court *may* decide the merits of Chrysler's pending Motion. (*See* Br. of Plaintiff, Doc. No. 18, p.1, fn.1).  While Chrysler has cited numerous cases which give this Court the discretion to decide these issues, none of these cases require that this Court *must* decide the issues Chrysler raises.  Indeed, the Court notes that the Bankruptcy Court may entertain each and every one of Chrysler's arguments currently being raised.  *See, e.g., Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568 (6th Cir.2005)(Bankruptcy Court may determine questions of jurisdiction); *Navon v. Mariculture Prods., Ltd.*, 395 B.R. 818 (D.Conn.2008)(Bankruptcy Court may determine questions of "abstention" or "remand" to state courts); *In re Talons Holdings*, 221 B.R. 214 (Bankr.N.D.Ill.1998)(Bankruptcy Court may determine questions of equitable remand).

Given Local Rule 83.50(a)(1)'s intent to give bankruptcy judges "the broadest possible authority to administer cases and proceedings," this Court declines to exercise its concurrent power to determine the issues raised by Chrysler in their Motion.  Chrysler is free to raise any or all of these issues before the Bankruptcy Court for the Eastern District of Michigan.

3

Accordingly, this Court **GRANTS** Getrag LLC's "Request for Referral to Bankruptcy Court" [Doc. No. 10], and **REFERS** these proceedings to the United States Bankruptcy Court for the Eastern District of Michigan.

**IT IS SO ORDERED**.

                                        S/Sean F. Cox  
                                        Sean F. Cox  
                                        United States District Judge

Dated:  March 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2009, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez  
                                        Case Manager